# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: September 13, 2016)
No. 15-65V

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| LEAH HAWKINS BENNETT, * | |
| as Personal Representative of the * | |
| Estate of VARNADORA * | Decision on Joint Stipulation; |
| MCNEAL HAWKINS, deceased * | Guillain-Barre Syndrome |
| * | ("GBS"); Death; |
| Petitioner, * | Influenza ("Flu") Vaccine. |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * | |

*Alison Haskins, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Adriana Teitel, US Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On January 22, 2015, Leah Hawkins Bennett ("Petitioner") filed a petition for compensation as personal representative of her deceased mother, Varnadora McNeal Hawkins, under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that Ms. Hawkins developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on October 4, 2013, and died on July 11, 2014, as a result of GBS-related sequela. *See* Stipulation,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed September 12, 2016, at ¶¶ 1-4.  Respondent denies that the influenza immunization caused Ms. Hawkins' alleged GBS or death. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On September 12, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

**A lump sum of $360,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Varnadora McNeal Hawkins.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

LEAH HAWKINS BENNETT,
as Personal Representative of the Estate of
VARNADORA MCNEAL HAWKINS,
deceased,

                Petitioner,

   v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 15-0065V
Special Master Roth
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. Leah Hawkins Bennett ("petitioner"), as the Personal Representative of the Estate of Varnadora McNeal Hawkins ("Mrs. Hawkins"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mrs. Hawkins' receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mrs. Hawkins received the flu vaccine on October 4, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mrs. Hawkins suffered Guillain-Barré Syndrome ("GBS"). Mrs. Hawkins passed away on July 11, 2014. Petitioner further alleges that Mrs. Hawkins' death was the sequela of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Hawkins as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccine caused Mrs. Hawkins' alleged GBS, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $360,000.00 the form of a check payable to petitioner as legal representative of the Estate of Varnadora McNeal Hawkins. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,  Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Varnadora McNeal Hawkins under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Varnadora McNeal Hawkins. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Varnadora McNeal Hawkins at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Varnadora McNeal Hawkins upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the Personal Representative of the Estate of Varnadora McNeal Hawkins, on behalf of Mrs. Hawkins' heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or

3 of 5

death of Mrs. Hawkins resulting from, or alleged to have resulted from, the flu vaccine administered on October 4, 2013, as alleged in a Petition filed on January 22, 2015, in the United States Court of Federal Claims as petition No. 15-65V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mrs. Hawkins alleged GBS, any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as the Personal Representative of the Estate of Varnadora McNeal Hawkins shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

LEAH HAWKINS-BENNETT

ATTORNEY OF RECORD FOR
PETITIONER:

ALISON HASKINS
MAGLIO, CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: 9/12/16

5 of 5